IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Millar, | ) | |
|    Plaintiff, | )<br>)<br>) | |
| v. | ) | No.   10 C 6287 |
| CACH, LLC, a Colorado limited liability company, and Arthur B. Adler & Associates, Ltd., an Illinois corporation, | )<br>)<br>)<br>)<br>) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patricia Millar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Patricia Millar ("Millar"), is a citizen of the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt owed for a Direct Merchants/Metris credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant CACH is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Arthur B. Adler & Associates, Ltd.

6. Defendant CACH is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant CACH conducts business in Illinois.

7. Defendant CACH is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CACH acts as a collection agency in Illinois.

8. Defendant, Arthur B. Adler & Associates, Ltd. ("Adler"), is an Illinois corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Adler collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant Adler is licensed to conduct business in the State of Illinois, is headquartered here, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit C.

## FACTUAL ALLEGATIONS

10. Ms. Millar is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to Direct Merchants Bank/Metris. At some point in time after that debt became delinquent, it was bought by Defendant CACH, and when CACH began trying to collect this debt from Ms. Millar, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and CACH's collection actions.

11. Specifically, Defendant CACH hired a debt collector, J.A. Cambece Law Office, P.C. ("Cambece") to demand payment of the Metris/CACH debt from Ms. Millar. Accordingly, on June 17, 2008, one of Ms. Millar's attorneys at LASPD informed Defendant CACH, through its agent, Cambece, that Ms. Millar was represented by counsel, and directed CACH to cease contacting her and to cease all further collection activities because Ms. Millar was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Thereafter, on July 30, 2008, Ms. Millar's attorneys at LASPD had to inform CACH, through another debt collector, Pentagroup Financial, LLC that Ms. Millar was represented by counsel and that CACH had to cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Undeterred, Defendant CACH then had Defendant Adler send Ms. Millar a collection letter, dated July 12, 2010, which demanded payment of the Metris/CACH debt. A copy of this collection letter is attached as Exhibit F.

14. Accordingly, on August 10, 2010, Ms. Millar's LASPD attorneys had to demand, once again, that Defendants cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

15. All of Defendants' collection actions complained of herein (Exhibit F) occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Ms. Millar's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to demand payment of this debt, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Patricia Millar, prays that this Court:

4

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Millar, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patricia Millar, demands trial by jury.

Patricia Millar,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: September 30, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com